(September 29, 1914.)

BEN Q. PETTINGILL, as Receiver of the BOISE STATE BANK, LTD., Respondent, v. W. H. MACWILLIAMS, Appellant.

[143 Pac. 524.]

PROMISSORY NOTE—TITLE TO—VERDICT—SUFFICIENCY OF—ATTORNEY'S FEES.

1. Evidence *held* sufficient to sustain the verdict of the jury and the judgment of the court awarding attorney's fees.

2. *Held,* that the bank came into the possession of said promissory note in due course and before maturity.

APPEAL from the District Court of the Seventh Judicial District for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to recover on a promissory note. Judgment for the plaintiff. *Affirmed.*

I. W. Kenward, J. A. Elston and W. C. Bicknell, for Appellant.

The owner of plaintiff's exhibit "P" does not hold the same in due course of business and the dates of the indorsements thereon are immaterial, the indorsee, Bank of Montreal,

not having indorsed the same.  For these reasons instruction No. 3 has no application to the facts in this case, and would have the effect to mislead and confuse the jury.  (*People v. Dunn*, 1 Ida. 74.)

Claude. W. Gibson, for Respondent.

The law presumes the party in possession to be a holder in due course, and this presumption persists in each and every person that has ever been a holder, so that when the last holder brings an action, he can rely on this presumption that each indorser was a holder in due course.  (*Sperry v. Spaulding*, 45 Cal. 544; *Brown v. Spofford*, 95 U. S. 474, 24 L. ed. 508; *Craig v. Palo Alto Stock Farm*, 16 Ida. 701, 102 Pac. 393; *Meadowcraft v. Walsh*, 15 Mont. 544, 39 Pac. 914.)

There was enough evidence before the court upon which to adjudge reasonable attorney's fees as provided in the note. (*Broadbent v. Brumback*, 2 Ida. 366, 16 Pac. 555; *Warren v. Stoddard*, 6 Ida. 692, 59 Pac. 540; *Porter v. Title Guaranty etc. & Co.*, 17 Ida. 364, 106 Pac. 299, 27 L. R. A., N. S., 111, *Monroe v. Fohl*, 72 Cal. 568, 14 Pac. 514; *McNamara v. Oakland Bldg. & Loan Assn.*, 131 Cal. 336, 63 Pac. 670, and cases cited; *Woodward v. Brown*, 119 Cal. 283, 63 Am. St. 108, 51 Pac. 2, 542.)

SULLIVAN, C. J.—This action was brought by the receiver of the Boise State Bank to recover on a promissory note executed by the defendant.  Said promissory note had been deposited with said bank as collateral security for the payment of a promissory note executed by the Crown Coal & Coke Co.  The cause was tried by the court with a jury and the jury rendered a verdict in favor of the plaintiff for $500, on which verdict a judgment was entered.  The appeal is from the judgment.

A number of errors are assigned which go to the admission of certain evidence, to the denying of defendant's motion for a nonsuit, and to the giving and refusing to give certain instructions.

After a careful examination of the record, we find no error in the action of the court in admitting evidence, and are fully satisfied that the evidence is sufficient to sustain the verdict. The instructions given by the court fairly cover the case, and under the evidence the court did not err in giving instructions or in refusing to give certain instructions requested by the defendant.

This court does not think it necessary to prepare any extended opinion in this case and specifically pass upon each assignment of error. The evidence shows that the Boise State Bank came into the possession of said promissory note in due course and before maturity; that it transferred said note as collateral to another bank, and that it was thereafter returned to the Boise State Bank and was held by said receiver as collateral at the time this action was tried. Clearly, under the law, the receiver had the right to maintain this action for the collection of said note.

A question is raised in regard to the sufficiency of the evidence to sustain that part of the judgment awarding fifty dollars attorney's fees. We think, under the evidence, the court was fully justified in awarding that amount as attorney's fees.

Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Truitt, J., concurs.